**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AARON C.,

       Plaintiff,

and

KAREN PEYTON, formerly known as
Karen Candelaria,

       Plaintiff-Appellant,

v.

NEW MEXICO HUMAN SERVICES
DEPARTMENT; ROBIN DOZIER
OTTEN, individually and as Secretary
Designate of the Human Services
Department; J. BARRY BITZER,
individually and as Deputy-Secretary
of the New Mexico Human Services
Department and as Director of the
Child Support Enforcement Division;
CHILD SUPPORT ENFORCEMENT
DIVISION; THE MEDICAL
ASSISTANCE DIVISION; ROBERT
MARUCA, individually and as
Director of the New Mexico Medical
Assistance Division; THE INCOME
SUPPORT DIVISION; MARISE
MCFADDEN, individually and as
Director of the Income Support
Division,

       Defendants-Appellees.

Nos. 04-2136 and 05-2032

(D.C. No. CIV-01-1294 MV/LAM)

(D. New Mex.)

## ORDER AND JUDGMENT[*]

Before **HENRY**, **McKAY,** and **EBEL**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

Appellant originally commenced this action by filing a pro se complaint on behalf of her minor children against the New Mexico Human Service Department and several people in their individual and official capacities, pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. Appellant, after losing her job in July 1995 and the health insurance coverage it provided, attempted to gather information about obtaining medical benefits through New Mexico's state Medicaid program. Although Appellant received a Medicaid application at this time, she did not complete it because she believed that by signing the application she would

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

automatically assign her rights and her children's rights to parental support to the Human Services Department.

In August 2001, after one of Appellant's children was in need of dental care, Appellant once again looked into obtaining Medicaid benefits. On this second occasion, Appellant concluded that filing an application would only require assignment of medical support rights and not child support rights. Appellant claims that she was misled by employees of state agencies to believe that federal law required an assignment of her rights to all child and parental support before she could apply for Medicaid benefits. Further, by failing to create an application process that did not require the assignment of rights to the Human Services Department, Appellant alleges that Appellees violated the Social Security Act as well as her and her children's rights to equal protection and due process.

The district court dismissed some of Appellant's claims against the Human Services Department because claims brought against states under these statutes are barred by the Eleventh Amendment and because the state of New Mexico had not otherwise consented to suit. Memorandum Opinion and Order, 4 (D.N.M. May 5, 2004). The district court dismissed Appellant's claims against individual state officers on grounds of qualified immunity. The court emphasized that "[t]he fact that she and her children never received any benefits is traceable not to any

action or inaction by Defendants, but to her own refusal and failure to complete or submit any application." *Id*. at 6-7. Appellant's claims for monetary damages and equitable relief were denied. However, as to her claim for declaratory and injunctive relief, the district court ordered:

> To ensure that potential Medicaid applicants are not misled by the assignment requirement, Defendants will be required to submit a copy of the revised application to the Court for approval. The application must contain language making explicit the clarification Defendants have presented to the Court: that is, with regard to the assignment of child support, an applicant is only required to assign to the state that portion, if any, of child support that is designated as medical support.

*Id*. at 10.

The Appellees complied with the court's order and submitted two revised Medicaid applications to the court that contained the requested language. Consequently, on December 29, 2004, the district court issued an order dismissing Appellant's claims for declaratory and injunctive relief as moot. In the interim, on May 19, 2004, Appellant had filed a motion for reconsideration, which the district court subsequently denied, finding it "not well taken . . . ." Memorandum Opinion and Order, 1 (D.N.M. Dec. 29, 2004).

We have carefully reviewed the briefs of Appellant and Appellee, the district court's orders, and the record on appeal. We have conducted a de novo review of the dismissal and reviewed for abuse of discretion the district court's denial of Appellant's motion for reconsideration. For substantially the same

-4-

reasons set forth by the district court in its orders of May 5, 2004, and

December 29, 2004, we **AFFIRM** the district court's dismissal of Appellant's

claims.

Entered for the Court


Monroe G. McKay
Circuit Judge